# UNITED STATES DISTRICT COURT
## IN THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KEMAR ROBINSON, | ) |
|       Plaintiff | ) CIVIL ACTION NO. |
| | ) |
| | ) _____ |
| v. | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| INTEGRATED CONSTRUCTION MANAGEMENT, INC. | ) |
| | ) |
|       Defendant | ) |

## COMPLAINT

Plaintiff Kemar Robinson ("Mr. Robinson" or "Plaintiff"), by and through the undersigned counsel, brings this complaint for damages and other relief against Integrated Construction Management, Inc. ("Defendant" or "Integrated").

## INTRODUCTION

1. This is a complaint for unpaid overtime wages, liquidated damages, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*

## PARTIES

2. Plaintiff is a resident Gwinnett County Georgia.

3. Defendant is a domestic Georgia corporation.

4. Defendant may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Dave Blake, at 4260 Clausell Court, Suite 108, Decatur, Georgia 30035.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this case based on 28 U.S.C. § 1331.

6. Pursuant to 28 U.S.C. §1391 and Local Rule 3.1, venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiff's claims, as described in this complaint, occurred within this Division and District.

7. Defendant has been and continues to be engaged in interstate commerce and/or the production of goods or services for commerce within the meaning of the FLSA.

8. Defendant has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods or services for commerce within the meaning of the FLSA.

9. Defendant is engaged in commerce or in the production of goods or services as defined by 29 U.S.C. §203. At all times material to this action, Defendant engaged in the construction and engineering industry and provided goods and services valued in excess of $500,000 annually.

## **FACTS**

10. Plaintiff worked for the Defendant from March 2015 to April 2016.

11. Defendant supplied workers to projects located in DeKalb County, Georgia.

12. Projects included flow monitoring (cleaning, measuring, calibrating, and obtaining data from the inside of man-holes), video-taping the sewage in man-holes to detects cracks and roots, smoke testing, and taking acoustic measurements.

13. Defendant hired Plaintiff as a flow monitor technician on or about March 23, 2015 to perform flow monitoring duties.

14. Defendant agreed to pay Plaintiff $12 per hour to work.

15. Defendant initially told Plaintiff that his work schedule was from 8 a.m. to 4 p.m., Monday through Friday.

16. Defendant later informed Plaintiff that he would work more than 40 hours per week and be paid every two weeks.

17. Plaintiff frequently worked more than 40 hours per workweek.

18. After Plaintiff worked one week and received his first pay check for 47 hours, Defendant informed him that it was company policy not to pay overtime.

19. Sometime in early April 2015, Defendant instructed Plaintiff and its other employees to only record 8 a.m. to 4 p.m. on their time sheets each day regardless of how many hours they had worked that day.

20. Defendant further informed Plaintiff that his time sheet would not be signed and he would not be paid for the two-week work period if he recorded overtime hours on his time sheet.

21. Plaintiff did not supervise other employees.

22. Plaintiff did not have the authority to hire or fire other employees.

23. Plaintiff did not make recommendations to hire or fire other employees

24. Plaintiff did not make significant decisions regarding the operations of the Defendant.

25. Plaintiff did not handle human resources matters for the Defendant.

26. Plaintiff complained to Defendant about not receiving overtime pay.

27. Defendant discharged Plaintiff in retaliation for complaining about not receiving overtime pay.

28. Defendant has a policy and practice of not paying overtime. Pursuant to this policy and practice, Defendant intentionally took actions that were designed to avoid having to pay Plaintiff the required overtime compensation.

29. Defendant failed to keep accurate and adequate records with respect to the hours worked by Plaintiff and failed to provide Plaintiff with earning statements reflecting the same. As such, Defendant violated the FLSA's recordkeeping provisions.

## COUNT I

## WILLFUL FAILURE TO PAY OVERTIME WAGES

30. Plaintiff incorporates by reference all preceding Paragraphs of the Complaint.

31. Plaintiff was employed by Defendant as a non-exempt employee. As such, Plaintiff should have been paid overtime at the rate of time and a half for all time worked in excess of 40 hours per week.

32. Plaintiff routinely worked in excess of 40 hours in each week during his employment with Defendant.

33. Defendant refused to pay Plaintiff the legally required one and one half times his regular rate of pay for overtime hours worked in excess of 40 hours per week.

34. Defendant knew that Plaintiff was not an exempt employee and continued to refuse to pay him the required overtime rate for hours worked in excess of 40 per week during the two-week work period. Defendant's repeated failures to pay Plaintiff overtime compensation represented intentional and willful violations of the FLSA.

35. Defendant lacked reasonable grounds for believing its practices comported with the requirements of the FLSA.

36. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## COUNT II

## RETALIATION IN VIOLATION OF THE FLSA

37. Plaintiff incorporates by reference all preceding Paragraphs of the Complaint.

38. Defendant terminated Plaintiff's employment in retaliation for complaining about unpaid overtime wages.

39. Plaintiff engaged in a protected activity by complaining about Defendant's refusal to pay overtime wages.

40. Defendant's termination of Plaintiff's employment for complaining about unpaid overtime wages constituted an unlawful and intentional retaliation in violation of the FLSA.

41. Defendant's actions in violation of the FLSA were intentional, willful, wanton, and oppressive. Additionally, and in the alternative, Defendant's actions in violation of the FLSA were undertaken with reckless disregard for the Plaintiff's federally protected rights.

42. Plaintiff is entitled to liquidated damages.

## COUNT III: VIOLATION OF 29 U.S.C. §207(a)

**(Injunctive Relief Requiring Defendant to Post Wage and Hour Notices as Required Under the FLSA)**

43. Plaintiff incorporates by reference all preceding Paragraphs of the Complaint.

44. Upon information and belief, Defendant failed to post and keep a posted notice explaining the FLSA in a conspicuous place so as to permit employees to readily read it, as required by 29 C.F.R. §516.4.

45. Accordingly, Plaintiff asks this Court to enter injunctive relief requiring Defendant to post a notice containing the information required by the FLSA that employees can read and understand in a conspicuous place.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a trial by jury and that the following relief is granted:

a. Declaratory judgment that Defendant violated the FLSA;

b. Judgment against Defendant for full back-pay from the date of judgment;

c. Judgment against Defendant for liquidated damages in an additional amount equal to back pay and benefits in accordance with 29 U.S.C. §216(b);

d. Judgment against Defendant for attorney's fees and costs of litigation pursuant to 29 U.S.C. §216(b);

e. Prejudgment interest;

f. Appointment of a permanent monitor to review Defendant's compliance with the FLSA; and

g. Any and all further relief that this Court deems just.

Respectfully submitted this 18th day of January, 2017.

**PRIOLEAU & MILFORT, LLC**

/s/ Oscar E. Prioleau, Jr.
Oscar E. Prioleau, Jr.
Georgia Bar No. 588510
oprioleau@pmlawteam.com

/s/ Sidney K. Williams
Sidney K. Williams
Texas Bar No. 21576555
(not licensed to practice in Georgia)
Sidney@pmlawteam.com

Camp Creek Business Center
3600 Camp Creek Parkway
Building 1800, Suite 124
East Point, Georgia 30344
Phone: (404) 526-9400
Fax: (404) 920-3330
*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned certifies that the foregoing document has been prepared in accordance with the requirements of Local Rule 5.1 of the Northern District of Georgia, using a Times New Roman font and 14 point size.

/s/ Oscar E. Prioleau, Jr.
Oscar E. Prioleau, Jr.
Georgia Bar No. 588510